UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 03-21273-CIV-MOORE

MICHAEL EARLY GREEN,

    Petitioner,

vs.

THE STATE OF FLORIDA,

    Respondent.
_____/

### ORDER DENYING MOTION TO REOPEN
### FINAL JUDGMENT UNDER RULE 60(b)(6)

THIS CAUSE is before the Court upon the Petitioner's Motion to Reopen Final Judgment Under Rule 60(b)(6) (DE # 47).

Petitioner, a state prisoner, seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Petitioner argues that he was in disciplinary confinement on February 14, 2004 when he received this Court's Final Judgment denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. Mot. at ¶ 1. Because of his detention he was unable "properly confer with a certified law clerk to find out what this was." Pet. Mot. at ¶ 1. In addition, Petitioner argues that he believed that the order of final judgment was the Report and Recommendation issued by the Magistrate (DE # 26). Id. at ¶ 2. He subsequently filed a Motion for Enlargement of Time to file objections to the Report (DE # 28). This Court denied Petitioner's Motion for Enlargement of Time on the ground that the Motion was filed more than 15 weeks after objections were due (DE # 29).

Petitioner subsequently filed a Motion to Reopen Final Judgment (DE # 30). This Court denied Petitioner's Motion on the ground that this Court lacked jurisdiction, based on the Eleventh Circuit's decision in Gonzalez v. Sec'y for the Dep't of Corr., which held that district courts do not have the jurisdiction to consider Rule 60(b) motions to reconsider the denial of a habeas petition unless the motion is styled as a Rule 60(b)(3) motion, that is, one made to

prevent fraud upon the court. 366 F.3d 1253 (11th Cir. 2004). Petitioner appealed that decision to the 11th Circuit Court of Appeals, which vacated and remanded this Court's decision because the Supreme Court's intervening decision which "reversed [the 11th Circuit's] holding that only Rule 60(b) motions alleging a fraud on the habeas court could be entertained by a district court without being dismissed as second or successive." Mandate of U.S.C.A. for the 11th Cir. at 3 (DE # 45). Accordingly,

UPON CONSIDERATION of the motion, and pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that Petitioner's Motion under Federal Rule of Civil Procedure 60(b)(6) (DE # 47) is DENIED. Petitioner has not asserted either arguments or facts in his Motion which would have changed the outcome of the final judgment. See Braxton v. Estelle, 641 F.2d 392, 397 (5th Cir. 1981) (finding any error in failure to serve appellant with the R&R was harmless where appellant failed to allege new facts or arguments that he would have asserted in the objections to the R&R). In his Motion, Petitioner merely reiterates his assertions that he did not receive Magistrate Judge White's Report and Recommendation (DE #26). This case will remain CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of December, 2006.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: Michael Early Green, *pro se*
DC # 433207 Q2213U
Gulf Correctional Institution Annex
699 Ike Steele Road
Wewahitchka, Florida   32465-2433

All counsel of record